Matter of Kenneth W. v Miles-Gustave (2025 NY Slip Op 01292)

Matter of Kenneth W. v Miles-Gustave

2025 NY Slip Op 01292

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 451351/23|Appeal No. 3824|Case No. 2023-06104|

[*1]In the Matter of Kenneth W., Petitioner-Appellant,
v
Suzanne Miles-Gustave, etc., et al., Respondents-Respondents.

Tehra Coles, Center for Family Representation, Inc., New York (Emily S. Wall of counsel), for appellant.
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for State respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for Administration for Children Services, respondent.

Judgment (denominated an order), Supreme Court, New York County (Erika M. Edwards, J.), entered November 14, 2023, denying the petition to annul the determination of respondent The New York State Office of Children and Family Services (OCFS), dated February 16, 2023, which denied petitioner's request to amend and seal his record in the Statewide Central Register of Child Abuse and Maltreatment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner did not sustain his burden of showing that OCFS's determination was arbitrary and capricious or unlawful as a matter of law. Amendments to the Social Services Law, effective January 1, 2022, create an "irrebuttable presumption in a fair hearing" that allegations in a report of child abuse or maltreatment have not been proven by a fair preponderance of the evidence where an article 10 Family Court proceeding based on the same allegations terminates in the subject's favor (Social Services Law § 422[8][b][ii]). OCFS declined to apply the irrebuttable presumption at petitioner's fair hearing, held after the amendments effective date, because petitioner had commenced his administrative appeal before the effective date. OCFS's decision was not irrational or unreasonable (Matter of Portocarrero v Poole, 231 AD3d 498, 498 [1st Dept 2024]; Matter of Woodley v Poole, 226 AD3d 461, 462 [1st Dept 2024]).
Petitioner's disagreement with this Court's holdings in Matter of Portocarrero and Matter of Woodley is insufficient to overcome stare decisis considerations (see Perella Weinberg Partners LLC v Kramer, 226 AD3d 523, 524 [1st Dept 2024]). Moreover, the Court of Appeals has recently held that statutory amendments do not retroactively apply to OCFS determinations rendered before the effective date (see Jeter v Poole, — NY3d —, 2024 NY Slip Op 05868 [2024]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025